DE LAUREAL & MOSES, Inc., Plaintiff,

v.

PENSACOLA HOTEL COMPANY,
Defendant.

Civ. A. No. 919.

United States District Court
N. D. Florida,
Pensacola Division.

Dec. 23, 1958.

Jack H. Greenhut, Joe J. Harrell, Jones & Harrell, Pensacola, Fla., for plaintiff.

E. Dixie Beggs, Yonge, Beggs & Lane, Pensacola, Fla., for defendant.

CARSWELL, Chief Judge.

This cause coming on to be heard upon defendant's motion to dismiss the amended complaint, the two affidavits in support thereof filed by the defendant, and the six affidavits in opposition filed by the plaintiff, the said motion in view of said affidavits being treated as a motion for summary judgment, and the Court having heard argument of counsel and being advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Plaintiff and defendant entered into the agreement for engineering services for the proposed air conditioning of the San Carlos Hotel in Pensacola, Florida, dated February 28, 1956, attached to the original complaint as Exhibit "A".

2. Pursuant to said agreement, the plaintiff completed and submitted to the

defendant a written report including its cost estimates and recommendations for a central air conditioning system, to include a double duct installation with thermostatic individual room controls, and defendant has paid plaintiff the agreed fee of $4,000 for this report.

3. Following receipt of the above mentioned report, the letter agreement of August 23, 1956, attached to the original complaint as Exhibit "B" was entered into, the plaintiff completed specifications and working drawings and obtained bids for the air conditioning of the ball room and third, fourth, and fifth floors of the hotel, which were not acceptable to the defendant because of the amounts involved, and the plaintiff obtained a substantially lower negotiated bid on November 27, 1956, from the original bidder based on a redesigned single duct central air conditioning system with manual room controls for air volume only, which negotiated bid was still unacceptable to the defendant.

4. Defendant thereafter engaged a contractor to install individual room air conditioning units on the third, fourth, and fifth floors of its hotel and a separate unit for the ball room in lieu of the central system first recommended by the plaintiff and the modified central system covered by the negotiated low bid; that no professional engineers were retained or used by the defendant for the installation of these units and the plans, specifications, and drawings furnished by the plaintiff were not used for such installation or any of the related work.

Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action.

2. While the affidavits of the parties reflect conflicts as to several issues of fact, these issues are immaterial to the construction of the pertinent provisions of the contract considered below, in the light of the above findings of fact as to which there is no dispute.

3. Paragraph 7(B) of the contract dated February 28, 1956, provided for the payment to plaintiff upon presentation of specifications and general working drawings of 75% of the regular fees arising out of the contract "provided, that if the owner (defendant) does not proceed with the work, no payment will be due engineers under this sub-section B." The letter agreement of August 23, 1956, consistent with this quoted provision, provides that "if the air conditioning is undertaken in stages", any additional fee is limited to a percentage of "the actual cost thereof". While plaintiff contends that the defendant did "proceed with the work" within the meaning of paragraph 7(B) when it installed room unit air conditioning in lieu of the central system recommended by the plaintiff and covered by its drawings and specifications, it is the opinion of this Court that the meaning of this clause is limited to a going forward by the defendant with air conditioning work in accordance with, or with the aid of, the plans and specifications furnished by plaintiff. The use of the words "the work" here and elsewhere in the agreement supports the view that reference is intended to the air conditioning system covered by the plans and specifications of the plaintiff.

4. Paragraph 9 of the agreement of February 28, 1956, contrary to the contentions of the plaintiff, is construed by the Court to apply only in event the work designed or specified by the plaintiff was first initiated and thereafter abandoned or suspended. In any event, as defendant did not "proceed with the work", paragraph 9 should not be construed so as to negative the limit on the fee prescribed by paragraph 7(B).

5. Paragraph 7(A) is also inapplicable as the defendant did not proceed with the work for which the plaintiff was retained, and for the additional reason that the relationship between the parties had progressed beyond the point covered by paragraph 7(A) to the situation anticipated by paragraph 7(B).

6. The defendant is entitled to a summary judgment on the first cause of action in accordance with the foregoing.

7. The defendant having conceded liability to the plaintiff under the second cause of action, and while the amount there claimed is below the jurisdictional minimum of this Court, it appearing that the plaintiff has in good faith invoked jurisdiction by combining the two causes of action alleged in the complaint, the Court will retain jurisdiction of said cause of action for the purpose of entering a judgment in favor of the plaintiff if the parties are unable to agree upon and settle the amount of this liability.